UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS, CLARK,<br><br>                Plaintiff,<br><br>    v.<br><br>JUDGE SYPOLT,<br><br>                Defendant. | NO. CV-10-104-EFS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On April 9, 2010, pro se Plaintiff Jimmy Ellis Clark filed a Motion for Order to Show Cause. (Ct. Rec. 2.) Mr. Clark claims that Spokane County Superior Court Judge Sypolt unlawfully reinstated a civil case in which Clark was the plaintiff after Eastern District of Washington Judge Van Sickle remanded the case to state court. No. CV-05-140. Additionally, Mr. Clark alleges that Judge Sypolt was part of a criminal conspiracy to prevent Mr. Clark from reporting the theft of his property.

After conducting the required screening under 28 U.S.C. § 1915 for a pro se in forma pauperis complaint, the Court determines that Mr. Clark failed to state a claim upon which relief may be granted. A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). According to Mr. Clark, the case he filed in state court was not supposed to be a civil suit at all, but

ORDER ~ 1

a criminal complaint. He alleges that certain individuals stole upwards of $45,000.00 of his personal property, and that he was thwarted in his attempts to prosecute the responsible parties. Judge Sypolt allegedly converted the criminal complaint into a civil case, which the defendant then removed to federal court. Judge Van Sickle remanded the case to state court. The Court takes judicial notice of Judge Van Sickle's order,[1] which says merely that the federal court lacks jurisdiction over the claim. (Ct. Rec. 4 Ex. D.) The state court did not violate the order by taking up the case after remand. But Mr. Clark claims that, after the remand, Judge Sypolt collaborated with the wrongdoers to prevent Mr. Clark from recovering for his losses. If true, this would constitute a conspiracy to violate Mr. Clark's constitutional rights, in violation of 42 U.S.C. § 1983.

Because it is not absolutely clear that amendment is futile, the Court grants Mr. Clark leave to amend his complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Mr. Clark may submit an amended complaint within thirty days. Mr. Clark is cautioned that the Court will dismiss the complaint for failure to state a claim if an amended complaint is not timely received. In the amended complaint, Mr. Clark

---

[1] The Court may consider documents that are either essential to the pleadings and whose validity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The order in question is the entire basis for Mr. Clark's claim. Mr. Clark included it along with his motions, so he may not reasonably challenge its authenticity.

ORDER ~ 2

must submit detailed allegations specifying Judge Sypolt's role in the conspiracy to deprive him of his rights.

Mr. Clark also requests that this case be transferred to Judge Van Sickle because Judge Van Sickle wrote the initial order that he claims Judge Sypolt violated. Both because the Court does not find that Judge Sypolt violated that order and because Mr. Clark presented no valid grounds for reassignment, the Court declines to transfer the case.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's Motion for Order to Show Cause **(Ct. Rec. 2)** is **DENIED**. Plaintiff must submit an amended complaint within thirty days. Failure to file an amended complaint will be construed as consent to dismissal for failure to state a claim.

2) Plaintiff's Motion for Re-assignment of Judge **(Ct. Rec. 8)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff.

**DATED** this __13th__ day of May 2010.

                                s/Edward F. Shea
                                EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\104.screen.dismiss.frm

ORDER ~ 3