UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS, CLARK,<br><br>  Plaintiff,<br><br>  v.<br><br>JUDGE SYPOLT,<br><br>  Defendant. | NO. CV-10-104-EFS<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE** |

On April 9, 2010, pro se Plaintiff Jimmy Ellis Clark filed a Motion for Order to Show Cause, which the Court construed as a complaint. (Ct. Rec. 2.) The Court dismissed Mr. Clark's petition with leave to amend on May 13, 2010. Mr. Clark filed a supplement and an Amended Complaint on June 14, 2010 (Ct. Recs. 11 & 12).

After conducting the screening under 28 U.S.C. § 1915 required for a pro se in forma pauperis complaint, the Court determines that Mr. Clark again failed to state a claim upon which relief may be granted. A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

According to Mr. Clark, he initially filed a citizen's criminal complaint with the Stevens County Superior Court. Mr. Clark alleged that several Stevens County officials committed unspecified criminal

ORDER ~ 1

violations against him. The complaint was transferred to Spokane County Superior Court because both judges in Stevens County had conflicts of interest and recused themselves. Spokane County Superior Court Judge Linda Tompkins reviewed the complaint and sent it back to the Stevens County Superior Court Clerk, instructing the Clerk to file the complaint and assign a Spokane County judge.

Mr. Clark asserts that the Stevens County Clerk unlawfully converted the criminal complaint into a civil suit. The defendants in that case removed it to federal court, and Judge Van Sickle remanded to state court because there was no civil complaint. He then claims that Judge Sypolt, who took the case on remand, unlawfully retained jurisdiction over the case until he dismissed it for failure to state a claim. Mr. Clark sues because he claims Judge Sypolt should have dismissed the case for lack of jurisdiction straight away instead of ruling on the motion to dismiss for failure to state a claim.

Mr. Clark does not identify which rights Judge Sypolt violated by dismissing his case. Nor does he explain why any cause of action lies

ORDER ~ 2

against Judge Sypolt[1] when he provided the relief that Mr. Clark says was appropriate, to wit, dismissing the case.[2]

Although a pro se plaintiff ordinarily must be given leave to amend, *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in this case it is absolutely clear that leave to amend would be futile. Mr. Clark could not possibly obtain the relief he seeks in this Court because he requests collateral federal review of a final state court decision. Mr. Clark's remedy must come from an appeal within the state system.

Accordingly, **IT IS HEREBY ORDERED**:

1) Mr. Clark's First Amended Complaint **(Ct. Rec. 12)** is **DISMISSED with prejudice.**

---

[1] It appears that Mr. Clark's claims might lie against the Stevens County Clerk who unlawfully converted his criminal complaint into a civil suit. However, the face of Mr. Clark's complaint shows that the statute of limitations bars a claim against the Clerk because the Clerk allegedly committed violations on April 20, 2005, more than three years before Mr. Clark filed this case. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (holding that federal civil rights statutes that lack their own statute of limitations borrow the forum state's personal injury limitations period); RCW 4.16.098 (establishing a three-year limitations period for personal injury actions).

[2] The Court also notes that Judge Sypolt's actions are protected by the *Rooker-Feldman* doctrine, which prohibits federal courts from entertaining collateral attacks on state court decisions. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

ORDER ~ 3

2) The Clerk of the Court is **DIRECTED** to enter judgment in Defendant's favor.

3) This case is **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff.

**DATED** this ___12th___ day of July 2010.


                              s/Edward F. Shea
                              EDWARD F. SHEA
                      United States District Judge

Q:\Civil\2010\104.screen.dismiss.2.frm

ORDER ~ 4