UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS, CLARK,<br><br>                Plaintiff,<br><br>   v.<br><br>JUDGE SYPOLT,<br><br>               Defendant. | NO. CV-10-104-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO TAKE NOTICE OF CRIMINAL COMPLAINT** |

    On April 9, 2010, pro se Plaintiff Jimmy Ellis Clark filed a Motion for Order to Show Cause, which the Court construed as a complaint. (Ct. Rec. 2.) According to Mr. Clark, he initially filed a citizen's criminal complaint with the Stevens County Superior Court, alleging that several Stevens County officials committed unspecified criminal violations against him. The complaint was transferred to Spokane County Superior Court because both judges in Stevens County had conflicts of interest and recused themselves. Spokane County Superior Court Judge Linda Tompkins reviewed the complaint and instructed the Stevens County Superior Court to file the complaint. The state court defendants removed the lawsuit to federal court; thereafter Judge Van Sickle remanded the lawsuit to state court because there was no civil complaint.

    Mr. Clark asserts that the Stevens County Clerk unlawfully converted the criminal complaint into a civil suit. He then claims that Judge Sypolt, who took the case on remand, unlawfully retained jurisdiction over the case until he dismissed it for failure to state a claim. Mr.

ORDER ~ 1

Clark sues because he claims Judge Sypolt should have dismissed the case for lack of jurisdiction straight away instead of ruling on the motion to dismiss for failure to state a claim.

The Court dismissed Mr. Clark's Motion for Order to Show Cause with leave to amend on May 13, 2010. Mr. Clark filed a supplement and an Amended Complaint (Ct. Recs. 11 & 12), which the Court dismissed with prejudice on July 12, 2010, because further leave to amend would be futile (Ct. Rec. 13).

On July 26, 2010, Mr. Clark filed a Motion for Reconsideration under CR 7(c) (Ct. Rec. 15), wherein he asks the Court to reconsider its July 12, 2010 Order dismissing the Amended Complaint. Specifically, Mr. Clark asks the Court to vacate Spokane County Superior Court Judge Sypolt's Order, which dismissed his complaint, and to direct the Clerk to file the matter as a citizen's criminal complaint, not a civil matter. In connection with his motion, Mr. Clark filed a Motion to Take Notice of Criminal Complaint Included Herein (Ct. Rec. 16), which the Court presumes is the citizen's criminal complaint he wishes to file. The Court has reviewed the documents and is fully informed. As explained below, the Court finds that Mr. Clark has failed to identify proper grounds to reconsider.

Under Federal Rule of Civil Procedure 59, a motion for reconsideration should not be granted unless the district court is presented with newly-discovered evidence, committed clear error, or if there is an intervening change in controlling law. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). In the

ORDER ~ 2

absence of those circumstances, a party may not use a motion for reconsideration to present new arguments or claims not raised in the previous motion. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Zimmerman*, 255 F.3d at 740. Mr. Clark did not present new evidence, nor did controlling law change in the interim. Instead, Mr. Clark's arguments and authorities have already been considered by the Court in making its decision. Mr. Clark cannot obtain the relief he seeks in this Court because he requests collateral federal review of a final state court decision; Mr. Clark's remedy must come from an appeal within the state system. Mr. Clark simply disagrees with the Court's application of the law to the facts of this case. Beyond this disagreement, there is no other basis offered to justify reopening judgment entered.

Accordingly, **IT IS HEREBY ORDERED**:

1) Mr. Clark's Motion for Reconsideration under CR 7(c) **(Ct. Rec. 15)** is **DENIED**.

2) Mr. Clark's Motion to Take Notice of Criminal Complaint Included Herein **(Ct. Rec. 16)** is **DENIED AS MOOT**.

3) The Court **will not consider** any further motions or papers filed by Mr. Clark in connection with this matter.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff.

**DATED** this ___12th___ day of October 2010.

                         s/ Edward F. Shea
                         EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2010\104.Dismiss.frm

ORDER ~ 3